IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRETT HOLT,

    Plaintiff,                          No. CIV S-04-2691 GEB KJM

    vs.

ST. PAUL TRAVELERS, INC, et al.,

    Defendants.                       ORDER

_____/

        Defendants' motion to modify the subpoena served on former employee Gerould Goetz is pending before the court. Upon review of the documents in support and opposition, upon review of the documents in dispute submitted in camera, and good cause appearing,

THE COURT FINDS AND ORDERS AS FOLLOWS:

        1. The joint discovery stipulation addressed fourteen pages of documents in dispute. Following discussion at hearing on defendants' motion, and at the court's direction, defendants submitted 292 pages for in camera review. As to significant portions of the fourteen pages for which a privilege log was provided, defendants' objections to production predicated on the attorney-client privilege and privacy are not well taken. While there is a rebuttable presumption that a lawyer is "hired 'as such' to give 'legal advice,'" "not [] all communications with [a lawyer] are privileged." See United States v. Chen, 99 F.3d 1495, 1501-02 (9th Cir.

1

1  1996). Defendants have the burden of establishing that the attorney-client privilege applies to the
2  documents in question. Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir.
3  1992). In this case, the fourteen pages of documents consist of e-mail communications from
4  Goetz, former Vice President in charge of defendant's Staff Attorney Program, and Ken Spence,
5  defendant's General Counsel; all of these e-mail communications attach a document or other,
6  secondary e-mail communications. Only one attachment to a May 31, 2004 e-mail, a
7  memorandum detailing and explaining proposed decisions and submitted for the General
8  Counsel's "approval," qualifies as privileged based on the presumption noted above, which has
9  not been rebutted. None of the secondary e-mail communications, however, were transmitted
10 originally to the General Counsel for the purpose of seeking legal advice, but rather are between
11 Goetz and other company employees regarding the managing attorney selection process related to
12 this action. While Goetz's messages directly to Spence may be redacted and withheld as
13 privileged, the attached secondary e-mails may not be.
14         With respect to the remaining documents in the 292 page package, the court has
15 reviewed them all and finds no basis for withholding the documents; Social Security Numbers
16 appearing on certain pages, however, should be redacted. Although disclosure of the evaluations
17 of other employees could implicate some privacy interests, the significance of those interests are
18 less where, as here, no disciplinary actions or other personal matters, such as reasons for sick
19 leave, are revealed. Cf. Salt River Valley Water Users' Assoc. v. NLRB, 769 F.2d 639, 642 (9th
20 Cir. 1985) (disciplinary records); Dobronski v. FCC, 17 F.3d 275, 278 (9th Cir. 1994) (sick leave
21 records). Disclosure is warranted in this case because the relevance of the documents at issue
22 outweighs the minimal privacy interests involved and the information contained in the
23 documents does not appear to be obtainable in any other manner.
24         The motion to modify the subpoena served on Gerould Goetz is granted to the
25 extent that: Bates-stamped page numbers GG-0001 to GG-0006 may be withheld on grounds of
26 the attorney-client privilege; only those portions of page numbers GG-0007, GG-0010, GG-0012,

1  GG-0014 and GG-0018 that represent e-mail communications from Gerould Goetz directly to

2  Ken Spence may be redacted; all Social Security Numbers appearing in the 292 pages of

3  documents (including but not necessarily limited to as appearing on pages GG-0103, GG-0149,

4  GG-0170 and GG-0186) shall be redacted.  The motion is otherwise denied.

5  　　　　2. Within ten days from the date of this order, defendants shall provide to

6  plaintiff a copy of the 292 pages submitted for <u>in</u> <u>camera</u> review, except as provided above.

7  Documents produced pursuant to this order shall be used solely for purposes of this litigation.

8  　　　　3. The Clerk of Court is directed to serve a copy of this order on Gerould Goetz,

9  26 Beechwood Lane, East Hanover, NJ 07936 and to indicate said service on the docket.

10  DATED: June 27, 2005.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

006
holt.oah